IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSIE RIVERA,

                        Plaintiff,                            OPINION AND ORDER

     v.

                                                                    13-cv-056-wmc

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS,

                        Defendant.

---

      In this proposed civil action for monetary relief brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, plaintiff Jessie Rivera, an inmate at Oxford Federal Correctional Institution, alleges that he injured his leg as a result of defendant's negligence and that defendant has failed to provide him appropriate medical treatment in violation of the Eighth Amendment. Rivera asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915. From the financial affidavit Rivera has provided, the court concluded that he is unable to prepay the full fee for filing this lawsuit. Rivera has also paid the initial partial filing fee of $31.86 assessed by the court. The next step is determining whether Rivera's proposed action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Because Rivera fails to state a claim for which relief may be granted in this court, the court will dismiss Rivera's claim, although Rivera will be given until January 21, 2014, to file an amended complaint.

ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). In his complaint, Rivera alleges, and the court assumes for purposes of this screening order, the following facts:

- Plaintiff Jessie Rivera is an inmate at Oxford Federal Correctional Institution in Oxford, Wisconsin.

- On May 5, 2011, Rivera was seriously injured while working in the bakery in the Food Service Department at Oxford. The kettle pots in the bakery had been boiling for approximately an hour and a half with dirty water, butter and shortening. Rivera also alleges that "water was leaking" from the pots. (Compl. (dkt. #1) 5.)

- Rivera fell underneath the kettle pot due to water on the floor and suffered a serious burn. Rivera contends that he still experiences numbness in his left leg and ankle area.

- Plaintiff contends that he has "on numerous occasions sought medical treatment for the injuries sustained" but that the medical facility and staff at FCI have not offered any "remedies for the injury." (*Id.* at 1.)

- Plaintiff seeks $100,000 for the injury and to be seen by "more experienced medical staff that can assist in the remedy of the medical injury." (*Id.* at 1-2.)

OPINION

The court understands Rivera to assert two claims. First, Rivera claims that defendant was negligent in failing to maintain the kettle, resulting in his leg injury. Second, Rivera alleges that defendant has failed to adequately treat his injury. Unfortunately, plaintiff's claims against the United States are barred by the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126(c)(4).

2

While the Federal Tort Claim Act, 28 U.S.C. §§§ 1346(b), 2671-2680, allows suits against the federal government for torts committed by its employees, the IACA provides the exclusive remedy against the government for work-related injuries. *See United States v. Demko*, 385 U.S. 149, 152-54 (1966); *see also Arbuckle v. United States*, No. 13-6012, 2013 WL 3814945, at *2 (10th Cir. July 24, 2013); *Jackson v. Hernandez*, No. 12-50368, 2013 WL 3365135, at * 1 (5th Cir. July 5, 2013). Rivera alleges in his complaint that the injury occurred "while working in the bakery in the kitchen Food Service Department." (Compl. (dkt. #1) pp.1, 5.) As such, any claim against the United States for damages under the FTCA is barred by the IACA.

Rivera also complains about inadequate medical treatment for the injury to his left leg. Again, the IACA also provides the only remedy against the United States for medical treatment for a work-related injury that is inadequate or aggravates the injury. *See* 28 C.F.R. § 301.301(b) (explaining when compensation may be paid for "claims alleging improper medical treatment of a work-related injury" under the IACA"); *Vander v. U.S. Dept. of Justice*, 268 F.3d 661, 663-64 (9th Cir. 2001) ("Section 4126 is . . . the exclusive remedy [against the United States] when a work-related injury is subsequently aggravated by negligence and malpractice on the part of prison officials.") (quoting *Wooten v. United States*, 825 F.2d 1039, 1044 (6th Cir. 1987)) (quotation marks omitted).

Rivera only names a federal institution as a defendant in his claim. Rivera may, at least theoretically, have a claim pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against an individual prison official who violated his constitutional

3

rights. *See Bagola v. Kindt*, 131 F.3d 632, 642-45 (7th Cir. 1997) (holding that the IACA did not preclude *Bivens* claim). Rivera does not, however, name any individuals in his complaint, nor allege that any individual was deliberately indifferent to a serious medical need to support an Eighth Amendment claim, for instance. The court's decision to dismiss his present claim, however, does not preclude Rivera from amending his complaint to assert a *Bivens* action against an individual or individuals

ORDER

IT IS ORDERED that plaintiff Jessie Rivera's motion for leave to proceed is DENIED, and plaintiff's claim is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff may have until January 21, 2014, to file an amended complaint meeting the requirements set forth in this Opinion and Order. If plaintiff does so timely, the court will promptly screen the amended complaint pursuant to 28 U.S.C. § 1915A. If plaintiff does not timely amend, then the clerk's office is directed to close this case.

Entered this 18th day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge