IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSIE RIVERA,

                Plaintiff,                          OPINION AND ORDER

v.

                                                                   13-cv-056-wmc

RAVI GUPTA and CESAR LOPEZ,

                Defendants.

---

The court previously granted *pro se* plaintiff Jessie Rivera leave to proceed on an Eighth Amendment claim that defendants Dr. Ravi Gupta and Cesar Lopez were deliberately indifferent to his severe leg pain and numbness in the months following his suffering a second-degree burn. (6/24/14 Op. & Order (dkt. #7).) Before the court are two motions by plaintiff. In the first, Rivera seeks to file an amended complaint. (Dkt. #15.) In the second, he requests assistance in recruiting counsel (dkt. #17), which he recently renewed (dkt. #22). The court will deny the first motion as unnecessary -- as far as the court can tell, the prior pleading contains the same allegations as those in his proposed second amended complaint. The court will also deny Rivera's motions for assistance in recruiting counsel, but will do so without prejudice to his renewing the request for counsel should his claim survive summary judgment.

OPINION

I. Motion for Leave to Amend

As Rivera recognizes in his proposed second amended complaint, the court separated his allegations concerning the treatment of his burn into two phases: (1) the defendants' treatment immediately following the injury; and (2) defendants' treatment (or lack thereof) in the months following his injury, when he continued to experience pain and numbness that went untreated. (6/24/14 Op. & Order (dkt. #7) 6.) While the court denied Rivera leave to proceed with respect to the first phase -- finding that the treatment outlined in Rivera's complaint did not rise to the level of deliberate indifference -- the court granted Rivera leave to proceed on the second phase -- alleging that he "constantly and repeatedly" requested medical care to address the pain and numbness in his leg, which has persisted even after the original burn had healed. (Am. Compl. (dkt. #6) 5.) In the proposed second amended complaint, plaintiff simply reiterates his allegations of continued pain and numbness that went untreated. These are the allegations for which he has been granted leave to proceed, and therefore, there is no reason for plaintiff to amend his complaint for a second time or to require defendants to answer a second amended complaint. Accordingly, the court will deny plaintiff's motion for leave to amend his complaint.

II. Motion for Assistance in Recruiting Counsel

Civil litigants have no constitutional or statutory right to the appointment of counsel. *See, e.g., Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013);

2

*Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). Moreover, the court cannot simply "appoint" counsel to represent an indigent civil litigant; it merely has the discretion to recruit. The court may exercise its discretion in determining whether to recruit counsel *pro bono* to assist an eligible plaintiff who proceeds under the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant *pro bono publico*."); *Luttrell*, 129 F.3d at 936.

In determining whether to recruit a volunteer attorney, the court must first find that plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful, or that he has been prevented from making such efforts. *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). To prove that appointment of counsel is necessary, Rivera must: (1) give the court the names and addresses of at least three lawyers who declined to represent him in this case; and (2) demonstrate his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's demonstrated ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007). With respect to the first requirement, plaintiff has failed to make any showing that he has attempted to recruit his own counsel.

Even if plaintiff had attempted to retain counsel, plaintiff rests his motion solely on his lack of legal experience. (Dkt. #10 at p.2.) Rivera's concern about litigating this case as a non-attorney, while understandable, is also universal among *pro se* litigants. Thus, it is not an adequate basis for appointing counsel by itself. While plaintiff represents that he no longer has access to a fellow inmate skilled in legal matters, this too does not form an adequate basis for recruiting counsel.

The law concerning plaintiff's Eighth Amendment claim was explained in the court's screening order, and plaintiff has personal knowledge of the circumstances surrounding his medical treatment. Plaintiff also contends that he is not capable of conducting discovery. To this opinion and order, the court will attach a copy of the Federal Rules of Civil Procedure, which plaintiff can use as a guide throughout the discovery process. At a minimum, plaintiff can use these rules to request review of his medical records.

ORDER

IT IS ORDERED that:

1) plaintiff's motion to file a second amended complaint (dkt. #15) is DENIED; and

2) plaintiff's motions for appointment of counsel (dkt. ##17, 22) are DENIED.

Entered this 2nd day of February, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge