IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSIE RIVERA,

                Plaintiff,                      OPINION AND ORDER

v.

                                                      13-cv-056-wmc

DR. RAVI GUPTA,

                Defendant.

---

Defendant Dr. Ravi Gupta filed a motion to compel plaintiff Jessie Rivera to comply with Federal Rule of Civil Procedure 26(a)(2)(B)(v) by producing a complete list of depositions or trials at which his expert, Dr. Finley Brown Jr., had testified in the last four years, and to produce Dr. Brown for a second deposition concerning his prior testimony. (Dkt. #79.) The court granted that motion in part, reserved in part, and directed further briefing by the parties. (1/8/18 Order (dkt. #89).) Having now reviewed the supplement, plaintiff's brief accompanying that supplement, and defendant's response, the court will deny any further relief, and specifically deny defendant's subsequent request to strike Dr. Gupta.

As detailed in defendant's brief in support of his motion to compel, Dr. Brown initially listed six cases for which he previously provided testimony. For some of those cases, Dr. Brown failed to provide the full name of the case or the court. During his deposition, Dr. Brown also acknowledged that the list was incomplete, but claimed he did not maintain a list of cases for which he had previously provided testimony and simply listed six cases that he remembered. After his deposition, in response to a letter from

defendant's counsel, plaintiff provided a supplement list of an additional five cases, without identifying the courts involved. The supplement was not, however, signed by Dr. Brown.

The court then ordered that Dr. Brown review his records and provide a complete list of past testimony consistent with Rule 26. As detailed in plaintiff's supplemental brief, Dr. Brown refused to comply further without additional payment. The court agrees with plaintiff's assessment that such a demand is not reasonable given that he was required to provide the necessary disclosures as part of his original retainer.[1] In light of Dr. Brown's refusal to comply, plaintiff's counsel took their own extensive steps to further supplement the list of cases for which Dr. Brown has provided deposition or trial testimony in the last four years. (*See* Pl.'s Suppl. Br. (dkt. #91) 3-4).) The revised list now contains twelves cases, with the case name, court and law firm that retained Dr. Brown's services, along with deposition and trial testimony transcripts for six of the cases. (Pl.'s Suppl. Br., Ex. 1 (dkt. #91-1).)

Defendant nevertheless presses for exclusion of Dr. Brown's testimony from trial under Federal Rule of civil Procedure 37(c)(1) in his supplemental brief. Failure to comply with Rule 26(a)(2) may result in the offending party not being allowed to introduce that expert witness's testimony as "evidence on a motion, at a hearing, or at a trial." *See* Fed.

---

[1] The court shares plaintiff's counsel's apparent frustration with Dr. Brown, not least of which because the lawyers acting as plaintiff's counsel were themselves recruited by this court to represent plaintiff on a *pro bono* basis, and have clearly devoted significant resources to that representation, including fronting the costs of this expert. If counsel for plaintiff could direct the court to some authority for sanctioning Dr. Brown, the court would be willing to entertain such a motion. Regardless, by agreeing to act as an expert in this matter and accepting a sizeable retainer for his services, Dr. Brown has subjected himself to this court's jurisdiction and he could be compelled to testify at trial, if necessary consistent with the terms of his engagement agreement.

R. Civ. P. 37(c)(1). Indeed, exclusion of the witness's testimony is "automatic and mandatory" unless the offending party can establish "that its violation of Rule 26(a)(2) was either justified or harmless." *Keach v. U.S. Trust Co.*, 419 F.3d 626, 639 (7th Cir. 2005) (quoting *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).

Both exceptions apply here. While Dr. Brown refused to comply with Rule 26, this is not plaintiff's fault *and* plaintiff's counsel has taken their own steps to substantially comply with the disclosure requirements. Moreover, plaintiff has acknowledged that "Dr. Brown has made the majority of his income serving as an expert witness, has been retained twenty to thirty times a year, almost always by a plaintiff, and he has testified at deposition six to twelve (or more) times per year and at trial up to four times a year." (Pl.'s Suppl. Br. (dkt. #91) 6.) The supplemental disclosure, coupled with the production of deposition and trial transcripts, which are not required under Rule 26, and plaintiff's stipulation is sufficient to ameliorate any prejudice to defendant. Regardless, plaintiff has amply justified his inability to comply any further. If upon review of the supplemental disclosure, including the trial transcripts, defendant seeks additional stipulations or other relief, the court would entertain such a motion.

Accordingly, the court will deny defendant's motion to strike Dr. Brown's testimony as a sanction under Rule 37.

ORDER

IT IS ORDERED that defendant Dr. Ravi Gupta's motion to strike plaintiff's expert Dr. Finley Brown, Jr. (dkt. ##79, 93) is DENIED.

Entered this 23rd day of February, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge